UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIE HENDERSON,           )
                            )
         Plaintiff,         )
                            )
   v.                       )      15-4214
                            )
STEVE NORMAN,               )
                            )
         Defendant.         )

### MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The case is now before the Court for a merit review pursuant to 28 U.S.C. ' 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to a state a claim for relief that is plausible on its face. Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).  The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging the sole defendant, Officer Steve Norman, retaliated against him for filing a previous lawsuit in violation of his First Amendment rights.  The plaintiff claims that on December 23, 2015, defendant Norman refused to allow him to go to the healthcare unit to get his blood pressure medicine even though plaintiff complained he was dizzy and light headed.  The plaintiff alleges his blood pressure was in stroke range, but that Norman told him, "fuck your blood pressure, I want you to have a heart attack, you don't deserve to live, you are a sex offender," and that he should go ahead and file a complaint.(Comp., p.2).

In order to state a First Amendment retaliation claim, the plaintiff need only allege his protected activity, in this case filing a lawsuit, was a motivating factor in the defendant's decision to take adverse action.  *See Peele v. Burch*, 722 F.3d 956, 958-59 (7th Cir. 2013); *Mays v. Springborn,* 719 F.3d 631, 634 (7th Cir. 2013).  The plaintiff has five pending lawsuits, one in which Norman is a defendant accused of retaliation based on firing him from his dietary job. *Henderson v. Wilcoxen*, CD/Il Case No. 14-3327.  It is plausible that Norman's refusal to send plaintiff to the healthcare unit to have his blood pressure checked was retaliatory conduct.  The case will proceed on plaintiff's First Amendment retaliation claim.1

**IT IS THEREFORE ORDERED:**

1.     Pursuant to its merit review of the Complaint under 28 U.S.C. ' 1915A, the Court finds

---

1 Although the plaintiff claims his allegations state two separate claims, he has only articulated one, retaliation claim.

that the plaintiff states a First Amendment retaliation claim against defendant Steve Norman. Any additional claims shall not be included in the case, except at the Court=s discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3.     The Court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    4.     With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5.     The defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

    6.     This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    7.     Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

    8.     The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    9.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11) The clerk is directed to attempt service on the defendant pursuant to the standard procedures.

12) Plaintiff's Motion to Proceed *in forma pauperis* (#3) is GRANTED.

Entered this 27th day of January, 2016.

**/s/Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE